UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MARLENE CLARKE, on behalf of herself and
all other persons similarly situated,

               Plaintiff,                           **COMPLAINT**

    -against-

SUNRISE SENIOR LIVING MANAGEMENT, INC.,         *Class Action*

               Defendant.
------------------------------------------------------------------------X

      Plaintiff, MARLENE CLARKE ("Plaintiff"), on behalf of herself and all other persons similarly situated, by and through her attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendant, SUNRISE SENIOR LIVING MANAGEMENT, INC. ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

      1.      Plaintiff brings this action on behalf of herself and similarly situated current and former employees of Defendant who were employed as hourly-paid manual workers in the State of New York pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover statutory damages for violation of New York Labor Law § 191. Plaintiff also brings this action on her own behalf to recover damages for violation of New York Labor Law § 741.  Plaintiff seeks injunctive and declaratory relief, compensatory damages, liquidated damages, punitive damages, attorneys' fees and other appropriate relief.

## JURISDICTION AND VENUE

      2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because there is diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00.

1

3.      Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

4.      Plaintiff is a citizen of the State of New York.

5.      At all times relevant, Plaintiff was an "employee" within the meaning of Labor Law §190(2) and a "manual worker" within the meaning of Labor Law §190(4).

6.      Defendant is a citizen of Virginia, corporation organized and existing under the laws of State of Virginia with corporate headquarters located in Virginia.

7.      At all times relevant, Defendant was an "employer" within the meaning of Labor Law §190(3).

## FACTUAL ALLEGATIONS

### *Violation of New York Labor Law Section 191*

8.      Defendant operates 17 assisted living facilities located throughout New York State including Sunrise of Dix Hills, Sunrise of Huntington, Sunrise of Smithtown, Sunrise of Plainview, Sunrise of East Setauket, Sunrise of West Babylon, Sunrise of Holbrook, Sunrise of Glen Cove, Sunrise of East Meadow, Sunrise of North Lynbrook, Sunrise of Fleetwood, Sunrise of Crestwood, Sunrise of Mill Basin, Sunrise at Sheepshead Bay, Sunrise of New City, Sunrise of Staten Island and Sunrise of New Dorp.

9.      Defendant employs non-exempt hourly-paid manual workers at its assisted living facilities including, but not limited to, care managers, housekeepers, maintenance workers, dishwashers, food servers and cooks.  Defendant's hourly-paid employees who work as care

2

managers, housekeepers, maintenance workers, dishwashers, food servers and cooks are "manual workers" within the meaning of Labor Law §190(4).

10.    Plaintiff was employed by Defendant as a non-exempt hourly-paid care manager from in or about September 2009 to on or about July 7, 2019.

11.    Plaintiff was generally responsible for assisting Defendant's residents with their activities of daily living.  Many of the residents that Plaintiff assisted were not ambulatory and were incontinent. Throughout her workday, Plaintiff lifted residents from their beds, showered and dressed them; stripped bed linens that were often wet and/or soiled and laundered the bedding; washed, folded and hung residents' clothes; transported residents from their rooms to the dining hall; helped to toilet residents and lifted heavier residents onto the toilet using a hoist or lift; and changed the residents' diapers and cleaned them when they soiled themselves. Thus, Plaintiff was a "manual worker" within the meaning of NYLL 190(4).

12.    During their employment, over twenty-five percent of Plaintiff's and similarly situated care manager's duties were physical tasks, including but not limited to: lifting residents from their beds and showering and dressing them; stripping bed linens; laundering linens and clothing; removing trash from the resident's room; transporting residents from their rooms to the dining hall; helping residents on and off the toilet; cleaning residents when they soiled themselves; and bending, lifting, walking, carrying, and standing for long periods of time.

13.    Defendant failed to pay Plaintiff and similarly situated manual workers employed in the State of New York "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned."  Instead, Defendant paid Plaintiff and similarly situated manual workers on a bi-weekly or semi-monthly basis pursuant to its payroll policy in violation of New York Labor Law § 191.

14.     Defendant employs and has employed hourly-paid housekeepers who are responsible for cleaning resident's rooms and other areas in the facility. Over twenty-five percent of the housekeeper's duties are physical tasks, including but not limited to: sweeping, mopping, vacuuming and dusting; changing sheets and towels; restocking toilet supplies; bending, lifting, walking, carrying, and standing for long periods of time.

15.     Defendant employs and has employed hourly-paid maintenance workers who are responsible for maintaining the facility as well as its grounds.   Over twenty-five percent of the maintenance worker's duties are physical tasks, including but not limited to: performing preventative maintenance; repairing problems in HVAC, electrical, plumbing; performing painting and carpentry; emptying and collecting trash throughout the facility; stripping, waxing, and buffing floors; moving furniture and equipment; assisting with grounds care; weeding; removing snow; bending, lifting, carrying, pushing, pulling, climbing, walking; and standing for long periods of time.

16.     Defendant employs and has employed hourly-paid dishwashers who are responsible for cleaning and washing plates, dishes, glasses, utensils, pots, pans and cookware. Over twenty-five percent of the dishwasher's duties are physical tasks, including but not limited to: unloading cutlery and dishes brought to the kitchen; loading and organizing cutlery and dishes into the dishwasher; washing, cleaning, scrubbing, scouring pots, pans and cookware; washing and storing dishes and equipment; mopping and cleaning the kitchen; bending, lifting, carrying, and standing for long periods of time.

17.     Defendant employs and has employed hourly-paid cooks who are responsible for preparing and serving meals to residents.  Over twenty-five percent of the cook's duties are physical tasks, including but not limited to: setting up workstations with ingredients and cooking

equipment; preparing ingredients to use in cooking; chopping and peeling vegetables; cutting meat; cooking food; stirring, whisking, mixing; bending, lifting, and standing for long periods of time.

18.    Defendant employs and has employed hourly-paid food servers who are responsible for serving meals to residents.  Over twenty-five percent of the food server's duties are physical tasks, including but not limited to: serving meals; setting up and taking down dining areas; assisting with kitchen maintenance and general cleaning; lifting, bending, walking, carrying, and standing for long periods of time.

***Violation of New York Labor Law Section 741***

19.    Plaintiff's duties involved the provision of direct hands-on assistance to and supervision of individual residents in the context of their personal care, assisting them with hygiene, toileting, and taking medication and monitoring their behavior, functions that are in the nature of healthcare.  Plaintiff's duties required her to "notify management of changes in condition and recommend adjustments in the level of care and service."  Plaintiff was qualified to, and her job required her to, make judgments about the quality of the healthcare services provided to Defendant's residents.

20.    Throughout Plaintiff's employment with Defendant, there was a series of infestations of bedbugs at the facility at which Plaintiff worked.

21.    Throughout Plaintiff's employment with Defendant, she had been instructed that if she observed a bruise or mark on a resident that she should take a photo of the bruise or mark to show to the nurse that worked at the facility.

22.    In or about July 2019, Plaintiff observed red welts on the body of a resident, which she recognized to be bedbug bites.  Plaintiff took a photo of the red welts to show to the nurse

when she reported for work at the facility.  Plaintiff explained to Defendant's Executive Director,

that she took the photo to document the resident's bedbug bites.

23.    Defendant failed to properly maintain its grounds, failed to take action to resolve

environmental issues related to bedbug infestation, failed to reasonably inspect its premises for

the evidence of bedbugs, and failed to follow indicated procedures including, but not limited to,

showering or bathing the affected resident and moving the resident to a new room/area; having

the resident's bites examined by a physician or healthcare professional; immediately notifying

the Housekeeping Supervisor and the Director of Nursing of the bedbug infestation; closing off

the resident's room from use; and leaving the resident's room intact to facilitate determination of

the extent of the infestation and to prevent the spread of bugs to other rooms.

24.    On July 7, 2019, Defendant's Executive Director terminated Plaintiff's

employment because she disclosed or threatened to disclose what she reasonably believed

constituted improper quality of patient care in violation of New York Labor Law Section 741.

25.    As a direct and proximate result of unlawful termination of Plaintiff's employment

by Defendant in violation of the NYLL, Plaintiff has suffered, and continues to suffer, monetary

and/or economic damages, including but not limited to, loss of past and future income,

compensation and benefits, for which Plaintiff is entitled to an award of damages.

## RULE 23 CLASS ACTION ALLEGATIONS
## NEW YORK STATE LABOR LAW

26.    Plaintiff brings New York Labor Law claims on behalf of herself and a class of

persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been,

employed by the Defendant as non-exempt hourly-paid manual workers including, but not limited

to care managers, housekeepers, maintenance workers, dishwashers, food servers and cooks, in the

State of New York at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

27.    The Class Members are readily ascertainable.  The number and identity of the Class Members are determinable from the records of Defendant.  The hours assigned and worked, the position held, and rates of pay and dates of employment for each Class Member may also be determinable from Defendant's records.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P. Rule 23.

28.    The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.  Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendant, upon information and belief there are over forty (40) individuals who are currently, or have been, employed by the Defendants as hourly-paid manual workers at any time during the six (6) years prior to the filing of this Complaint.

29.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including, but not limited to, whether Defendant paid Plaintiff and Class Members on a bi-weekly or semi-monthly basis in violation of Labor Law section 19 and the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

30.    Plaintiff's claims are typical of the claims of the Class that she seeks to represent. Defendant failed to pay Plaintiff "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned."  Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that

would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendant. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

31.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

32.    A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

33.    Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

34.    The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In

addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

35.     Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

**FIRST CLAIM FOR RELIEF**
**VIOLATION OF NYLL SECTION 191**

36.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

37.     Plaintiff and Class Members are manual workers as defined by the New York Labor Law.

38.     Defendant was required to pay Plaintiff and Class Members on a weekly basis, and no later than seven days after the end of the workweek in which the wages were earned.

39.     Defendant failed to pay Plaintiff and Class Members on a weekly basis and instead paid Plaintiff and Class Members bi-weekly or semi-monthly in violation of Labor Law § 191.

40.     Plaintiff and Class Members are entitled to damages equal to the total of the delayed wages and reasonable attorney's fees and costs.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF NYLL SECTION 741**

41.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

42.    At all times relevant, Plaintiff was an employee within the meaning of NYLL §

740(1)(a) and performed services for and under the control and direction of an employer for wages

or other remuneration.

43.    At all times relevant, Defendant was an employer within the meaning of NYLL §

740(1)(b) and a corporation that employs one or more employees."

44.    Defendant terminated Plaintiff's employment because she disclosed or threatened

to disclose what she reasonably believed constituted improper quality of patient care in violation

of New York Labor Law Section 741.

45.    As a direct and proximate result of unlawful termination of Plaintiff's employment

by Defendant in violation of the NYLL, Plaintiff has suffered, and continues to suffer, monetary

and/or economic damages, including but not limited to, loss of past and future income,

compensation and benefits, for which Plaintiff is entitled to an award of damages.

46.    Plaintiff is entitled to recover reasonable attorney's fees and costs incurred in the

prosecution of this claim.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated

persons, prays for the following relief:

(i.)    Certification of a Class Action pursuant to F.R.C.P. 23;

(ii.)    Designation of Plaintiff as representative of the Class and counsel of record as Class
Counsel;

(iii.)    Issuance of a declaratory judgment that the practices complained of in this
Complaint are unlawful under the New York Labor Law;

(iv.)    Liquidated damages pursuant to NYLL § 198 (1-a);

(v.)    Damages for loss of past and future income, compensation and benefits;

(vi.)    Reasonable attorneys' fees and the costs incurred in prosecuting these claims;

(vii.)    Pre-judgment and post-judgment interest as permitted by law; and

(viii.)   Such other relief as this Court deems just and proper.

Dated:  Hauppauge, New York
        July 3, 2021

                                LAW OFFICE OF PETER A. ROMERO PLLC

                        By:     */s Peter A. Romero*
                                _____
                                Peter A. Romero, Esq.
                                490 Wheeler Road, Suite 250
                                Hauppauge, New York 11788
                                Tel. (631) 257-5588
                                promero@romerolawny.com

                                *Attorneys for Plaintiff*

11